WAWZYN NOWAK, Appellant, v. THE BROTHERHOOD OF AMERICAN YEOMEN, Respondent.

MARY NOWAK and Another, Appellants, v. THE BROTHERHOOD OF AMERICAN YEOMEN, Respondent.

Fourth Department, May 8, 1929.

*Merritt N. Baker*, for the appellants.

*John H. Clogston*, for the respondent.

PER CURIAM. On the first trial of these actions it was held that the falsity of the warranty of the assured relative to consulting a physician had been conclusively proven, and the complaints were dismissed. The judgment was affirmed in this court (221 App. Div. 832), but reversed in the Court of Appeals (249 N. Y. 78),

As we read the opinion in the Court of Appeals, the reversal was placed upon two grounds: (1) That it could not be held, as matter of law, that the visit of Dr. Lehnis to the assured was a consultation between physician and patient; (2) that the question in the application as to whether the assured had ever consulted a physician related to a consultation concerning some ailment which pertained to her general good health, and not to a temporary or trivial upset.

Upon the present trial the first ground of reversal has been fully met. The evidence shows conclusively that the assured had consulted with Dr. Lehnis, nine months and ten days before the application for the first policy in suit, and thirteen months and nineteen days before the application for the second policy, concerning an illness with which she was then suffering, and that the relation of physician and patient between the assured and the doctor was then and there established.

It cannot, however, be said, as matter of law, that the malady with which the assured was suffering at the time of such consultation was anything more than a temporary or trivial upset. Under the decision of the Court of Appeals, this question was one which should have been passed upon by the jury.

We think that the learned trial judge was in error in holding that the reversal by the Court of Appeals was placed upon the first ground only.

There is evidence to sustain the special verdict of the jury that the assured truthfully stated that she had never consulted a physician, upon the theory that the consultation with Dr. Lehnis

was for no serious illness, but for a mere trivial and temporary indisposition.

For this reason we think that the trial court erred in setting aside the special verdict, and in directing a general verdict for the defendant. The special verdict of the jury should be reinstated, and judgment should be directed for the plaintiffs in each action for the amount of the policy, together with interest and costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

In each case: Judgment and order reversed on the law, with costs, and judgment directed for the plaintiff upon the special findings of the jury, with costs.